UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:14-cr-55 |
| v. | ) | |
| | ) | Judge Mattice |
| LARRY BRASWELL, | ) | Magistrate Judge Carter |
| | ) | |
| *Defendant*. | ) | |

## ORDER

On May 22, 2015, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 72) pursuant to 28 U.S.C. § 636(b)(1). In his Report and Recommendation, Magistrate Judge Carter recommended that Defendant's Motion to Suppress (Doc. 50) be denied. On June 4, 2015, Defendant filed timely objections to the Report and Recommendation. (Doc. 74).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Carter's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

I.   BACKGROUND

The Court summarized the background of the events leading up to these proceedings in its Order on Defendant's first motion to suppress:

> On May 5, 2014, Lauren Wenger, a Task Force Officer for the Bureau of Alcohol, Tobacco, Firearms, and Explosives filed a Criminal Complaint and supporting affidavit for an arrest warrant for Larry

Braswell. (Doc. 1). In her affidavit, Wenger testified that on February 23, 2014, Chattanooga Police Department ("CPD") Officer Piazza encountered Braswell near the abandoned Harriet Tubman Housing Projects in Chattanooga, Tennessee. (*Id.* at 2). Braswell told Officer Piazza that he had stopped there to urinate and that he just needed to take his female passenger home. (*Id.* at 2-3). Officer Piazza smelled marijuana and Braswell permitted him to search the car, but Officer Piazza did not find any marijuana. (Id. at 2). Officer Piazza also discovered [that] Braswell was driving on a revoked license, but permitted Braswell to drive his passenger home after warning him not to drive anymore on the revoked license or hang around the abandoned projects. (*Id.* at 2-3).

Later on February 23, 2014, Officer Piazza noticed a different vehicle in front of the abandoned projects. (*Id.* at 3). The vehicle did not have its headlights turned on and Officer Piazza pulled the vehicle over for a traffic stop. (*Id.*). The person driving the vehicle was Braswell, and he had a passenger with him. (*Id.*). Officer Piazza arrested Braswell for driving on a revoked license and found a black digital scale with marijuana residue on it and $1,122.00 in Braswell's pants pockets. (*Id.*). Officer Piazza placed handcuffs on Braswell and put him in the back of the patrol car, and the in-car video camera and audio remained running. (*Id.*). Officer Piazza asked Braswell why he was at that location, and he stated that he was looking for money he had dropped earlier. When asked the same question, his passenger stated that they were looking for a house key that Braswell had dropped earlier. (*Id.*).

Officer Piazza and his fellow officers searched the area where Braswell's vehicle was located during both stops. The officers did not find money or a house key, but found a Para-Ordinance .45 caliber semi-automatic firearm and a plastic bag containing approximately 25 grams of marijuana. (*Id.*). . . .

On May 28, 2014, Braswell was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 11). On July 18, 2014, Defendant filed a Motion to Dismiss Indictment or in the Alternative, to Suppress Evidence, and the Court held a hearing on Defendant's Motion on September 4, 2014. (Docs. 17, 20). For the reasons stated at that hearing, the Court denied the Motion to the extent that it sought dismissal of the Indictment and permitted the parties to submit post-hearing briefs on the issue of Defendant's Motion to Suppress. (Doc. 21).

(Doc. 28). On October 9, 2014, the Court denied Defendant's Motion to

Suppress. *Id.* On January 20, 2015, Defendant filed the instant Motion to Suppress,

which was referred to Magistrate Judge Carter for a Report and Recommendation. (Docs. 50, 53).

## II. ANALYSIS

Defendant objects to Magistrate Judge Carter's Report and Recommendation on several grounds. First, Defendant argues that the video evidence contradicts Magistrate Judge Carter's conclusion that Defendant failed to stop at a stop sign and therefore negates the probable cause identified for the traffic stop. (Doc. 74 at 3). Second, that the testimony and video evidence do not support Magistrate Judge Carter's conclusion that Defendant was required to have his car lights turned on. (*Id.*). Third, that the video evidence contradicts Magistrate Judge Carter's finding that Defendant was driving without his lights on. (*Id.*). All of Defendant's objections relate to whether Officer Piazza had probable cause to stop Defendant's car on the night of February 23, 2014.

As Magistrate Judge Carter discusses in his Report and Recommendation, probable cause is a "flexible, commonsense standard" that requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (internal quotations omitted). Additionally, "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *Id.* at 391.

The Court has reviewed the evidentiary record relevant to the instant objections, and agrees with Magistrate Judge Carter's well-reasoned conclusions. Defendant claims that the video evidence "plainly contradicts . . . that the Defendant was driving without his headlights on." (Doc. 74). As Magistrate Judge Carter made clear in the March 10, 2015 hearing, however, Officer Piazza's testimony that the Defendant was driving

3

without his headlights on prior to the beginning of the recording counts as evidence. Hr'g Tr. at 74. Magistrate Judge Carter found this testimony to be credible, a decision to which this Court will defer. *See United States v. Raddatz*, 447 U.S. 667, 681 n.7 (1980) (noting that to reject a magistrate's proposed findings on credibility without having seen or heard the witness could give rise to "serious questions"). Furthermore, the Court has reviewed the video from Officer Piazza's patrol car and concludes that Magistrate Judge Carter did not err in finding that it was very dark at the time Officer Piazza testified that Defendant was driving without his headlights on. That the Government did not establish an exact time for sunset on the record is not dispositive, as the government need not establish an "actual showing" of criminal activity to establish probable cause. *See Ferguson*, 8 F.3d at 392.

Finally, Defendant argues that the video evidence does not support the R&R's conclusion that the Defendant failed to stop at a stop sign. Defendant is correct to point out that the video first shows Defendant's car slightly after it had passed the stop sign in question. The rate of speed at which Defendant's car was traveling at this point, however, coupled with Officer Piazza's credible testimony that he saw the Defendant run the stop sign,[1] leads the Court to conclude that Officer Piazza had probable cause for the traffic stop.

---

[1] The Defendant argues that the video shows that Officer Piazza "could not have observed the alleged 'failure to stop' because he was simply not in a position to do so." (Doc. 74 at 5 n.1). The Court notes, however, that Officer Piazza's range of vision was not restricted to the camera's fixed field of view. That is, he may have seen Defendant run the stop sign through the passenger window as he drove around the curve on Sholar Avenue. This, of course, necessitates an assessment of Officer Piazza's credibility, which Magistrate Judge Carter has resolved in the Government's favor.

4

## III. CONCLUSION

Accordingly, the Court will **OVERRULE** Defendant's objections, will **ACCEPT and ADOPT** Magistrate Judge Carter's Report and Recommendation (Doc. 72) and will **DENY** Defendant's Motion to Suppress (Doc. 50).

**SO ORDERED** this 10th day of August, 2015.

        */s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE